## FOUTZ & ZINKLER v. WESTERN PICTURE FRAME CO. (No. 485.)

(Court of Civil Appeals of Texas. El Paso. Dec. 2, 1915.)

1. EVIDENCE ⬥197— HANDWRITING — COMPARISON OF SIGNATURE.

In an action for goods sold, where the defendant denied having ordered the goods or having signed the order sued on and put in evidence, a letter written by one of the defendants and a bill of lading with his signature, both pertinent to issues involved and not raising any collateral issue, were properly admitted, because not within the rule disallowing the use of a writing as a standard of comparison when not competent evidence upon some other issue in the case.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 681, 681½; Dec. Dig. ⬥197.]

2. SALES ⬥52—ACTION FOR PRICE—SUFFICIENCY OF EVIDENCE.

Evidence, in an action for the price of goods sold, where defendant denied having ordered the goods or having signed the contract sued on and put in evidence, *held* insufficient to sustain a judgment for plaintiff.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 118–144, 1045; Dec. Dig. ⬥52.]

Appeal from El Paso County Court; Adrian Pool, Judge.

Action by the Western Picture Frame Company against Foutz & Zinkler. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

A. W. Norcop, C. W. Croom, and C. M. Wilchar, all of El Paso, for appellant. Loomis & Knollenberg and J. D. Hubbard, all of El Paso, for appellee.

HARPER, C. J. This suit was filed by the Western Picture Frame Company for $205, which is alleged to be the reasonable value and the contract price of certain pictures alleged to have been shipped and delivered to appellants, Foutz & Zinkler, pursuant to a written contract. Foutz & Zinkler denied that they ordered the goods, and denied, under oath, signing the contract sued on and introduced in evidence. The cause was tried by jury and resulted in verdict for plaintiff for $205, judgment entered accordingly, from which this appeal is perfected.

[1] The letter admitted to have been written by defendant Foutz and the bill of lading with the signature, admitted to have been written by Foutz thereon, were properly admitted in evidence, because they do not come within the rule which disallows the use of a writing as a standard of comparison when not competent evidence upon some other issue in the case, because both were pertinent to issues involved in the case and in no wise tended to raise any collateral issue. Smith v. Caswell, 67 Tex. 567, 4 S. W. 848; section 556, Jones' Blue Book on Evidence, and cases there cited.

The first, second, third, and fourth assignments, being directed to the same matters referred to, are overruled.

[2] Assignments 5, 6, and 7, urge that this cause should be remanded for a new trial because the verdict of the jury is against the weight and contrary to the preponderance of the evidence. While the statement of facts is meager in the extreme, we take it that it is a fair statement of all the evidence adduced upon the trial upon the controlling issue raised by the defense, to wit, the execution of the order for the pictures relied upon by plaintiff as the basis of its cause of action. It contains very slight, if indeed any, evidence of probative force tending to prove that either of the partners signed the order, or that they authorized any person else to do so.

The order for the pictures was sent in to plaintiff by its traveling salesman, one Buntman. They were shipped to the defendants and delivered by the railway company to defendants. Upon discovering that the pictures were not such as were ordered, being more expensive, defendant Foutz, of the firm, immediately reshipped them to the plaintiff, appellee. It will be seen from this brief statement that the sole question to be determined by the jury was:

"Was the order, calling for the class of pictures shipped relied upon by appellee, signed by either of the partners or authorized to be signed by them?"

Each of the defendants testified that he did not sign it; no witness testified that either of them were seen to sign it; and the sole evidence in the record that it was signed by either of the defendants is the signature in evidence to be compared by the jury and that of witness Russell Rokahr, which, copied verbatim from the statement of facts, is as follows:

"Russell Rokahr, on behalf of plaintiff, testified as follows: That he was then and had been for the last three or four years employed by the Rio Grande Valley Bank & Trust Company as one of its tellers, and that he was qualified for passing on the genuineness of signatures; that Foutz & Zinkler had an account at the Rio Grande Valley Bank & Trust Company, and that there was at said bank a signature card showing the official signature of Foutz & Zinkler upon which checks against said account were to be paid; that he did not know who signed the signature card of Foutz & Zinkler at said bank, and

that he had never seen the defendant Foutz sign the name of Foutz & Zinkler. Plaintiffs then submitted the written order sued upon, marked 'Exhibit A,' to said Rokahr for comparison with the signature signed by the said Foutz on the blank piece of paper in open court and for comparison with the signature of said Foutz & Zinkler upon the bill of lading and the letter, and plaintiff's counsel asked the said Rokahr if in his opinion the signature to the written order was the genuine signature of Foutz & Zinkler. Said Rokahr stated that if a check had been presented to him in his capacity of teller at the Rio Grande Valley Bank, bearing the name of Foutz & Zinkler as it appeared upon the written order marked 'Exhibit A,' he would have paid the check. Upon cross-examination, the said Rokahr's attention being called to the fact that the admittedly genuine signatures of Foutz & Zinkler, as they appeared upon the slip of paper signed by the said Foutz in open court and upon the letter and bill of lading, had appended thereto the initial 'F' or the initials 'C. F.,' in each instance, then stated that if a check had been presented to him in his capacity as teller of the Rio Grande Valley Bank with the name of Foutz & Zinkler signed thereto as it appeared upon the written order, marked 'Exhibit A,' he would have sent such a check back for the reason that the signature was 'incomplete.' Upon redirect examination, the said Rokahr then stated, as he had upon his direct examination, that he believed he would have paid such a check if it had come to him bearing the name of Foutz & Zinkler written as it was upon the written order marked 'Exhibit A.' "

In addition to the testimony of the two defendants denying the signature, appellants introduced three witnesses, who qualified as experts, who testified that the signature upon the order in their opinion was not the same as those admitted to be genuine, and gave their reasons for the opinions expressed. It is also notable that there is no testimony from appellant's salesman Buntman, who it is charged took the order, who certainly could have testified whether in fact the order was signed by Foutz as it purported to be.

It cannot consistently be held that such evidence is sufficient to be the basis of a judgment for money. If the expert opinion of the witness Rokahr had been positive and unqualified, which it was not, in view of all the evidence in this case, it would be weak and uncertain; but, in the form in which it appears in the statement of facts, it is not a positive opinion that the signature to the order is genuine, and is entitled to slight, if any, weight. The statement that "he would have paid the check" is not equivalent to stating that in his opinion the signature is genuine. The judgment is alone supported by a comparison of signatures by the jury.

The eighth and ninth assignments, complaining of certain remarks of the court in the presence of the jury and of the court communicating with the jury outside the courtroom, do not appear to be error, but, if they be technically so, will not likely occur upon another trial.

Because the proof is manifestly insufficient to sustain the verdict, the judgment must be reversed and remanded, and it is so ordered.